UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL JOHN LESKELA, JR.,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

CASE NO. C17-0328-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff Michael John Leskela, Jr., proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1972.[1] He has a high school diploma, and has worked as a painter, Salvation Army bell ringer, temporary laborer, and retail and grocery stocker. (AR 41,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

343.)

Plaintiff applied for SSI in August 2013. (AR 297-305.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 142, 155, 195-97.)

On July 1, 2015, ALJ M.J. Adams held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 37-65.) On July 30, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 8-18.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 25, 2017 (AR 806-11), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. (AR 11.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's depression, anxiety, and history of alcohol abuse. (*Id.*) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 11-12.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

performing a full range of work at all exertional levels, with the following limitations: he can perform simple, routine tasks and follow short, simple instructions. He can do work that requires little or no judgment and perform simple duties that can be learned on the job in less than 30 days. He can respond appropriately to supervision, but cannot work in close coordination with co-workers where teamwork is required. He can tolerate occasional changes in the work environment and work that requires no interaction with the public. (AR 12.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 16.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found Plaintiff capable of transitioning to representative occupations, such as mail clerk, hand packager, and landscape laborer. (AR 16-17.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting an opinion written by examining

psychologist Melanie Mitchell, Psy.D; and (2) discounting his subjective testimony.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed, but that if it is remanded, it should be remanded for further proceedings rather than a finding of disability.

<u>Dr. Mitchell's opinion</u>

Dr. Mitchell examined Plaintiff in July 2013, and completed a form DSHS opinion. (AR 529-42.) She indicated that Plaintiff had many marked limitations in a variety of functional areas. (AR 531.)

The ALJ gave Dr. Mitchell's opinion "some weight," finding it "generally consistent with the objective medical record and the other opinion evidence." (AR 15.) The ALJ discounted Dr. Mitchell's opinion, however, because she only reviewed one evaluation and because Plaintiff was not attending counseling at the time of the examination, and this lack of treatment may have exacerbated his symptoms. (*Id.*)

These reasons are not specific and legitimate, as required when an ALJ discounts a examining physician's controverted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ found Dr. Mitchell's opinion to be generally consistent with the other opinion evidence, and therefore it is unclear why her failure to review multiple other opinions would undermine her opinion. Furthermore, the ALJ cited no evidence suggesting that Plaintiff's symptoms worsened when he failed to attend counseling. The ALJ cited an incident when Plaintiff's symptoms worsened when he failed to take his medication (AR 14), but it appears that

---

[2] Plaintiff also challenged the sufficiency of the ALJ's step-five findings, but in doing so, only reiterated arguments made in the first two assignments of error. Dkt. 18 at 14-15. Thus, this issue need not be addressed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

he was taking medication even during his gap in therapy. (*See* AR 566.) Thus, the ALJ's reasons to discount Dr. Mitchell's opinion are not specific and legitimate reasons supported by substantial evidence, and the ALJ erred in discounting Dr. Mitchell's opinion.

<u>Subjective testimony</u>

The ALJ discounted Plaintiff's subjective testimony because the medical record showed that he was not as impaired as alleged, and because his symptoms are exacerbated during periods of medication noncompliance. (AR 13-14.)

Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The Court agrees. Although the ALJ first found that Plaintiff's testimony was contradicted by the medical record, the ALJ simply summarized the medical record and did not explain why it contradicted Plaintiff's allegations. (AR 13-14.) This reasoning is insufficient. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015).

Furthermore, although the ALJ stated that Plaintiff's allegations of trouble socializing were not consistent with his complaints during therapy (AR 14), as noted in Plaintiff's brief, Plaintiff consistently reported problems in social functioning during therapy. *See* Dkt. 18 at 14 (citing AR 697, 707, 719, 727, 747, 752, 781, 790, 796).

The ALJ also found that Plaintiff's symptoms flared during periods of noncompliance with medication, but the ALJ only identified one incident of actual noncompliance: Plaintiff reported an increase in symptoms during a period that he was out of medication. (AR 682, 731.) Plaintiff had apparently attempted to contact his provider to request medication, but his call had gone to voicemail and he had not been able to get through. (AR 731.) This one incidence of noncompliance is not a clear and convincing reason to discount his testimony, particularly because

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

even when Plaintiff complied, his symptoms persisted, as even the ALJ's summary of the evidence mentions. (AR 13 (stating that Plaintiff reported no improvement with Wellbutrin and Zoloft), 14 (Plaintiff continued to report paranoia symptoms even after his Wellbutrin and Mirtazapine were restarted).) Plaintiff's one documented episode of noncompliance does not indicate that his symptoms are significantly alleviated with medication, and thus this evidence does not undermine Plaintiff's allegation of disability.

Although Plaintiff requests that the ALJ's errors in assessing Dr. Mitchell's opinion and his own subjective testimony be remedied by a remand for a finding of disability (Dkt. 18 at 15), the Court finds that this remedy would be inappropriate in light of the conflicts in the opinion evidence as to the extent of Plaintiff's limitations. Further proceedings to resolve these conflicts would not be useless, and therefore the Court will not credit as true the improperly rejected evidence. *See Leon v. Berryhill*, __ F.3d __, 2017 WL 5150294, at *4 (9th Cir. Nov. 7, 2017).

## **CONCLUSION**

For the reasons set forth above, the ALJ's decision is REVERSED and the matter is REMANDED for further administrative proceedings.

DATED this 17th day of November, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6